**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:18-cr-182** |
| **Plaintiff,** | : | |
| | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **JEROME WATKINS, JR.,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Jerome Watkins' Motion for Reconsideration of Motion for Compassionate Release. (ECF Nos. 185, 186, 187). The Government opposes release. (ECF No. 188). This Court denied Mr. Watkins' prior Motions for Compassionate Release (ECF No. 183). For the reasons that follow, this Court **DENIES** Mr. Watkins' Motion for Compassionate Release. (ECF Nos. 185, 186, 187).

**I.      BACKGROUND**

In January 2019, Defendant Jerome Watkins pled guilty to one count of conspiracy to illegally transfer firearms in violation of 18 U.S.C. § 371. (ECF No. 34). On September 27, 2019, the Court sentenced Mr. Watkins to a below-guidelines term of imprisonment of 36 months and a 3-year term of supervised release. He began his term of imprisonment on November 22, 2019. (ECF No. 141 at 445). Mr. Watkins is currently incarcerated at United States Penitentiary Lewisburg ("USP Lewisburg"). His projected release date is June 7, 2022 and he is eligible for home confinement on December 10, 2021.

In September and October 2020, Mr. Watkins filed several motions for compassionate release, including with the assistance of CJA counsel. (ECF Nos. 171, 173–74, 176–77). The

Government opposed. (ECF Nos. 178–79). This Court denied the Defendant's motions without prejudice as it was not convinced that the Defendant was no longer a danger to the safety of any other person or the community. (ECF No. 183 at 5). Mr. Watkins filed a motion for reconsideration following this Court's decision. (ECF No. 185). His CJA counsel supplemented his motion for reconsideration with a third motion for compassionate release, addressing the § 3553(a) factors. (ECF Nos. 186–87). The Government again opposed. (ECF No. 188). This matter is now ripe for consideration.

## II.    STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" once the exhaustion requirement or 30-day waiting requirement has been satisfied. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020). A district court's decision under Section 3582(c)(1)(A) will be reviewed for abuse of discretion and a district court "must supply 'specific factual reasons'" in support of its compassionate release decision. *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). In *United States v. Jones*, the Sixth Circuit recently clarified the mechanics of compassionate review under 18 U.S.C. § 3582 when an incarcerated person has brought a motion on his own behalf. In *Jones*, the Sixth Circuit announced that U.S.S.G. § 1B1.13 is no longer considered an "applicable" policy statement "in cases where incarcerated persons file their own motions in district court for compassionate release." *Id.* at 1102.

The *Jones* court set forth a three-step framework for district courts to follow when considering motions for compassionate release. *Id.* at 1107–08. First, district courts must find whether "extraordinary and compelling reasons warrant" a sentence reduction. *Id*. Second, a court must determine whether the reduction is consistent with applicable policy statements issued

by the Sentencing Commission. *Id.* at 1108. Given that the *Jones* court found that U.S.S.G. § 1B1.13 was no longer applicable to motions brought by incarcerated persons on their own behalf, federal district courts may now skip this step in those instances and "have full discretion to define 'extraordinary and compelling' without consulting the policy statement." *Id.* Third, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine whether, in the court's discretion, the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

### III.    LAW & ANALYSIS

#### A.    Exhaustion of Administrative Remedies

When reviewing motions for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A), district courts must first ask: has the movant either fully exhausted all administrative rights or have 30 days lapsed since the movant received the warden's letter denying the request? If either prong is answered in the affirmative, courts then inquire if extraordinary and compelling circumstances justify release. 18 U.S.C. § 3582(c)(1)(A); *see also Alam*, 960 F.3d at 832. The Sixth Circuit has held that this requirement is not a jurisdictional rule, but a claim-processing rule that "binds the courts only when properly asserted and not forfeited." *Id.* at 833. This Court has already determined that Mr. Watkins met the administrative exhaustion requirement in its previous Opinion. (ECF No. 183). It will thus turn to the remaining prongs of analysis.

#### B.    Extraordinary and Compelling Reasons

Under the analysis set forth in *Jones*, this Court must determine whether "extraordinary and compelling reasons" warrant a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i).

3

This court has "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. In its previous Opinion and Order, this Court found that Mr. Watkins' asthma posed an added danger to his health were he to contract the COVID-19 virus. (ECF No. 183 at 2). His asthma diagnosis continues to place him at an increased risk of severe illness or death if afflicted with COVID-19.[1]

In a post-vaccine landscape, however, this Court must determine whether Mr. Watkins' asthma diagnosis still constitutes an extraordinary and compelling reason warranting release. Neither Mr. Watkins nor the Government addresses whether he has been fully vaccinated against COVID-19 or has refused vaccination when offered. The available vaccines are highly effective in preventing serious illness and death from COVID-19, including in individuals who have been diagnosed with conditions that have placed them at higher risk during this pandemic.[2] At this time, 218 staff members and 608 incarcerated people have been fully vaccinated at Lewisburg USP, so the vaccine is presumably available to Mr. Watkins. If Mr. Watkins has been vaccinated against COVID-19 or has refused an effective vaccination, he would need to show that he still faces a higher risk of COVID-19 to prevail on his motion. In most cases and under the current conditions of the pandemic, vaccine refusal is likely to preclude compassionate release in cases where defendants' motions are premised on their underlying health conditions.

Accordingly, this Court finds that Mr. Watkins has not presented "extraordinary and compelling reasons" within the meaning of the First Step Act, and his renewed Motions for Compassionate Release (ECF Nos. 185–87) are hereby **DENIED**.

---

[1] CDC, *People with Moderate to Severe Asthma* (Apr. 7, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html.
[2] CDC, *Safety of COVID-19 Vaccines* (July 6, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/safety-of-vaccines.html.

## IV.    CONCLUSION

For these reasons, Defendant's Motions for Compassionate Release (ECF Nos. 185–87)

are **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 8, 2021**

5